IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH FELGEMACHER, | : |
| PLAINTIFF, | : CASE NO.: |
| VS. | : **25 CV 128** |
| JUDGE MARY G. CARNEY, in her official | : |
| capacity, DONNA M. CASTIGLIONE, in her | : |
| official capacity, and NEW YORK STATE | : |
| UNIFIED COURT SYSTEM, | : |
| DEFENDANTS. | : |

*FILED FEB 10 2025 — MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY*

## COMPLAINT

AND NOW, comes the Plaintiff, Keith Felgemacher, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows:

### NATURE OF THE ACTION

1. This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution, specifically the denial of procedural due process in a family court proceeding.

2. Plaintiff was unjustly excluded from virtual court proceedings during his custody case in Family Court, Erie County, New York, depriving him of the opportunity to participate meaningfully in his case, to be heard, and to review a full and accurate transcript of those proceedings.

3. Defendants' actions demonstrate a systemic failure in the administration of virtual proceedings and constitute a deprivation of Plaintiff's fundamental right to due process.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5. Venue is proper in the Western District of New York under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred in Erie County, New York.

## PARTIES

6. Plaintiff: Keith Felgemacher is a retired individual residing in New York and was a litigant in a custody proceeding in Family Court, Erie County.

7. Defendant Judge Mary G. Carney is a judge of the Family Court, Erie County, acting under color of state law in all actions relevant to this Complaint.

8. Defendant Donna M. Castiglione is a Family Court referee who presided over various virtual proceedings in Plaintiff's custody case, acting under color of state law.

9. Defendant New York State Unified Court System is a governmental entity responsible for the administration of New York's court system, including virtual court proceedings.

## FACTUAL BACKGROUND

10. This action arises under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution, specifically the denial of procedural due process in a family court proceeding.

11. Plaintiff was a party in a custody case in Family Court, Erie County, New York, presided over by Defendant Judge Mary G. Carney, with certain proceedings delegated to Defendant Referee Donna M. Castiglione.

12. The custody case involved critical issues related to Plaintiff's parental rights and his relationship with his child. The outcome of the proceedings had a significant and lasting impact on Plaintiff's familial relationships, emotional well-being, and legal rights.

13. During the relevant period in 2024, the Family Court of Erie County conducted many of its hearings virtually using Microsoft Teams software, as part of the New York State Unified Court System's protocols.

14. Plaintiff was represented by counsel, attorney Lana Tupchik, during several of these virtual proceedings. Despite this representation, Plaintiff consistently expressed his desire and need to personally participate in these proceedings to ensure his voice was heard.

15. On at least three occasions, including but not limited to the proceedings held on September 25, 2024, Plaintiff attempted to access the virtual hearings through Microsoft Teams. Although Plaintiff logged in to the platform and was ready to participate, he was either kept in the virtual "waiting room" for the majority of the hearing or excluded entirely without explanation.

16. Specifically, during the September 25, 2024 proceeding, Plaintiff was admitted to the virtual hearing only during its final minutes. By the time he gained access, substantive discussions and rulings critical to his case had already taken place, depriving Plaintiff of the opportunity to contribute or respond.

17. Plaintiff repeatedly raised concerns with his attorney, Ms. Tupchik, regarding his inability to access the hearings. Ms. Tupchik acknowledged these issues but was unable to ensure Plaintiff's access to the proceedings.

18. Plaintiff also communicated these concerns directly to the Family Court, including during a pretrial hearing held on **January 13, 2024**, where he expressed frustration over his repeated exclusion from prior hearings and the adverse impact on his ability to present his case. Defendant

Judge Mary G. Carney refused to address Plaintiff's concerns or provide an explanation for his exclusion.

19. Plaintiff requested a transcript of the proceeding held on September 25, 2024, to understand what transpired during his absence. However, the transcript provided to Plaintiff appeared incomplete, omitting substantive discussions that Plaintiff's attorney had referenced during their communications.

20. The incomplete transcript further compounded Plaintiff's inability to proceed effectively in his custody case, as they denied him access to a full record of the proceedings, including decisions and discussions that directly impacted his case.

21. Despite Plaintiff's attempts to bring these procedural failings to the attention of the court, including formal and informal communications, no corrective action was taken by Defendants to remedy these deficiencies.

22. As a result of his exclusion from critical proceedings, Plaintiff was unable to:

   a. Present evidence or arguments in support of his position.

   b. Cross-examine witnesses or respond to allegations made during the hearings.

   c. Advocate for his parental rights in a meaningful way.

23. On January 21, 2024, after months of procedural barriers and denial of due process, Plaintiff was compelled to discontinue his custody case. Plaintiff made this decision under duress, as the continued exclusion from proceedings and lack of access to complete transcripts rendered it impossible for him to proceed effectively.

24. The actions and omissions of Defendants, including their failure to ensure Plaintiff's access to the proceedings and to address his due process concerns, caused significant harm to Plaintiff. These harms include:

a. Emotional distress resulting from the inability to participate in matters concerning his parental rights.

b. Financial hardship due to legal fees and the loss of time and resources spent attempting to navigate the flawed procedural system.

c. A deprivation of Plaintiff's fundamental right to due process, as guaranteed under the Fourteenth Amendment to the United States Constitution.

25. Plaintiff's exclusion from virtual proceedings and the lack of corrective measures reflect systemic failures within the New York State Unified Court System to provide adequate safeguards for litigants in virtual hearings.

26. The procedural deficiencies described herein represent a broader pattern of conduct by Defendants that undermines the constitutional rights of litigants, particularly in high-stakes family court matters.

## COUNT I:

## VIOLATION OF PROCEDURAL DUE PROCESS

### (Fourteenth Amendment; 42 U.S.C. § 1983)

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property without due process of law.

29. Defendants, acting under color of state law, denied Plaintiff the procedural protections guaranteed by the Fourteenth Amendment by systematically excluding him from virtual court proceedings critical to his custody case.

30. Plaintiff has a constitutionally protected liberty interest in his parental rights and his relationship with his child, which are fundamental rights deeply rooted in the history and traditions of this nation.

31. Defendants, in their official capacities as judicial officers and representatives of the New York State Unified Court System, were obligated to ensure Plaintiff was afforded meaningful access to the court proceedings and a fair opportunity to be heard.

32. Defendants violated Plaintiff's procedural due process rights by:

    a. Failing to ensure Plaintiff's access to virtual court proceedings, despite his repeated attempts to participate and his reliance on the court's chosen Microsoft Teams platform.

    b. Proceeding with hearings in Plaintiff's absence without making reasonable efforts to confirm his participation or address technical barriers that precluded his involvement.

    c. Refusing to remedy Plaintiff's exclusion when brought to their attention during subsequent proceedings and informal communications.

    d. Providing Plaintiff with incomplete and inaccurate transcripts of proceedings, thereby depriving him of the ability to review the full record and understand the decisions made in his absence.

33. The exclusion of Plaintiff from critical court proceedings constitutes a deprivation of his fundamental right to due process. By failing to provide Plaintiff with notice and an opportunity to be heard in a meaningful manner, Defendants undermined the fairness and integrity of the judicial process.

34. Defendants' actions and omissions were not the result of inadvertent error but were instead reflective of a deliberate indifference to Plaintiff's due process rights. Despite Plaintiff's multiple

attempts to address these procedural deficiencies, Defendants took no corrective action to safeguard his rights.

35. The procedural deficiencies and lack of access resulted in significant harm to Plaintiff, including but not limited to:

    a. Emotional distress from being unable to advocate for his parental rights effectively.

    b. Financial losses due to the inability to pursue his case to a meaningful resolution.

    c. Permanent damage to his relationship with his child, stemming from adverse rulings made in proceedings he was excluded from.

36. Defendants' conduct constitutes a violation of 42 U.S.C. § 1983, as they acted under color of state law to deprive Plaintiff of his Fourteenth Amendment right to procedural due process.

37. Plaintiff seeks the following relief against Defendants:

    a. A declaration that Defendants' actions violated Plaintiff's Fourteenth Amendment right to procedural due process.

    b. Compensatory damages for the harm Plaintiff suffered as a result of the deprivation of his rights, including emotional distress, financial losses, and any other appropriate relief.

    c. Punitive damages to deter similar conduct by Defendants and other judicial officers in the future.

    d. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

    e. Any other relief this Court deems just and proper.

38. Plaintiff reserves the right to amend this complaint to include additional facts, evidence, or claims as further information becomes available.

## COUNT II:

## FAILURE TO PROVIDE ADEQUATE ADMINISTRATIVE PROCEDURES

## (Fourteenth Amendment; 42 U.S.C. § 1983)

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. The Fourteenth Amendment to the United States Constitution guarantees that no state shall deprive any person of life, liberty, or property without due process of law.

41. Defendants, acting under color of state law, were obligated to provide Plaintiff with adequate administrative procedures to ensure meaningful access to the courts and a fair opportunity to assert his rights.

42. Plaintiff's fundamental liberty interest in maintaining his parental rights and relationship with his child is protected by the Due Process Clause, which requires Defendants to implement administrative procedures that safeguard these interests.

43. Defendants failed to provide Plaintiff with adequate administrative procedures by:

a. Failing to ensure that the virtual hearing platform (Microsoft Teams) was accessible and functional for all parties, including Plaintiff.

b. Neglecting to provide a timely or effective method for resolving technical difficulties that prevented Plaintiff from attending critical proceedings.

c. Omitting to communicate clear instructions, policies, or support for participation in virtual hearings, thereby denying Plaintiff a meaningful opportunity to be heard.

d. Failing to establish safeguards to prevent hearings from proceeding without ensuring all parties could participate.

  e. Providing incomplete and erroneous transcripts of prior proceedings, leaving Plaintiff unable to review and challenge rulings made in his absence.

44. Defendants' inadequate administrative procedures created substantial barriers to Plaintiff's participation in his custody proceedings and directly contributed to procedural irregularities that violated Plaintiff's rights under the Fourteenth Amendment.

45. The lack of adequate administrative procedures deprived Plaintiff of the opportunity to:

  a. Advocate for his parental rights and the best interests of his child in a meaningful manner.

  b. Challenge evidence or arguments presented by opposing parties.

  c. Present his own evidence and arguments to the court.

  d. Ensure the accuracy and fairness of the proceedings by reviewing complete and accurate transcripts.

46. Defendants' actions and omissions reflect a deliberate indifference to Plaintiff's due process rights. Despite Plaintiff's efforts to notify the court and request corrective action, Defendants failed to address or resolve the procedural deficiencies that impeded his access to justice.

47. The failure to provide adequate administrative procedures resulted in significant harm to Plaintiff, including but not limited to:

  a. Emotional distress caused by the inability to meaningfully participate in proceedings affecting his parental rights.

  b. Financial losses incurred as a result of the prolonged and flawed judicial process.

  c. Irreparable damage to Plaintiff's relationship with his children due to adverse rulings issued in his absence.

48. By failing to establish and implement adequate administrative procedures, Defendants acted under color of state law to deprive Plaintiff of his Fourteenth Amendment right to due process, in violation of 42 U.S.C. § 1983.

49. Plaintiff seeks the following relief against Defendants:

    a. A declaration that Defendants' failure to provide adequate administrative procedures violated Plaintiff's Fourteenth Amendment right to due process.

    b. Compensatory damages to address the harm Plaintiff suffered as a result of Defendants' actions and omissions, including emotional distress, financial losses, and any other appropriate relief.

    c. Punitive damages to deter similar violations by Defendants and other court officials in the future.

    d. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

    e. Any other relief this Court deems just and proper.

50. Plaintiff reserves the right to amend this complaint as additional facts, evidence, or claims come to light.

## JURY TRIAL DEMANDED

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

- **Declaratory Relief:** A declaration that Defendants, acting under color of state law, violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution by depriving Plaintiff of procedural due process.

- **Injunctive Relief:** An order requiring Defendants to implement and maintain adequate administrative procedures and safeguards to ensure meaningful access to judicial proceedings, particularly for parties participating remotely.

- **Compensatory Damages:** An award of compensatory damages sufficient to redress the harm caused to Plaintiff by Defendants' actions and omissions, including but not limited to:

    a. Emotional distress;

    b. Financial losses incurred as a result of the procedural deficiencies;

    c. Reputational harm and any other injuries stemming from the deprivation of Plaintiff's rights.

- **Punitive Damages:** An award of punitive damages to punish Defendants for their deliberate indifference to Plaintiff's constitutional rights and to deter similar misconduct in the future.

- **Attorney's Fees and Costs:** An award of reasonable attorney's fees and costs incurred by Plaintiff in bringing this action, pursuant to 42 U.S.C. § 1988.

- **Further Relief:** Any such other and further relief as this Court deems just, equitable, and proper under the circumstances.

DATED: February 10, 2025                                    Respectfully Submitted,

_____

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Felgemacher, Keith B.

### DEFENDANTS
Judge Carney, Mary G.
Castiglione, Donna M.

**(b)** County of Residence of First Listed Plaintiff: **Erie**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Erie**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*

**25 CV 128-V**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
|  | ☐ 362 Personal Injury - Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights — **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 USC 1983**

Brief description of cause:
Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/10/25

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____