UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEITH FELGEMACHER,

          Plaintiff,

   v.                              25-CV-128-LJV
                                      DECISION & ORDER

JUDGE MARY G. CARNEY et al.,

          Defendants.
_____

On February 10, 2025, the pro se plaintiff, Keith Felgemacher, commenced this action under 42 U.S.C. § 1983, alleging that the defendants—Erie County Family Court Judge Mary G. Carney, Erie County Family Court Referee Donna M. Castiglione, and the New York State Unified Court System—violated his Fourteenth Amendment rights during custody proceedings. *See* Docket Item 1. The defendants moved to dismiss Felgemacher's complaint, Docket Item 2, and on August 6, 2025, this Court granted that motion, *see Felgemacher v. Carney*, 2025 WL 2261251 (W.D.N.Y. Aug. 6, 2025).

In granting the defendants' motion, the Court held that (i) it "lack[ed] personal jurisdiction over the defendants because they were not properly served," *id.* at *3 (citing *Fantozzi v. City of New York*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022)); (ii) it lacked subject matter jurisdiction over Felgemacher's claims against the New York State Unified Court System, *id.* at *4-5; (iii) judicial immunity barred his claims for money damages against Carney and Castiglione, *id.* at *5-6; and (iv) his claims for injunctive and declaratory relief against Carney and Castiglione likewise were barred by statutory judicial immunity and the Eleventh Amendment, *id.* at *6-7.

On August 14, 2025, Felgemacher moved for reconsideration of that decision. Docket Item 12.  The defendants responded to that motion, Docket Item 13, and Felgemacher replied, Docket Item 15.  Shortly after replying, Felgemacher appealed this Court's decision to the United States Court of Appeals for the Second Circuit.  Docket Item 16.

For the reasons that follow, Felgemacher's motion for reconsideration, Docket Item 12, is DENIED.

## DISCUSSION[1]

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); *see also United States v. Cheruvu*, 2019 WL 3000682, at *2 (W.D.N.Y. July 10, 2019) ("[A] motion for

---

[1] The Court assumes the reader's familiarity with the factual background and will refer only to those facts necessary to explain its decision.

reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)).[2]

Although Felgemacher offers several arguments in support of his motion for reconsideration,[3] his chief contentions are that (i) this Court misapplied judicial immunity when it dismissed his damages claims against Carney and Castiglione and (ii) his claims against Carney and Castiglione for injunctive relief should have been permitted to proceed under *Ex parte Young*, 209 U.S. 123 (1908). *See* Docket Item 12 at ¶¶ 28-35, 45-64.

### A.   Judicial Immunity

Felgemacher says that the Court incorrectly dismissed his damages claims against Carney and Castiglione as barred by judicial immunity because the conduct

---

[2] Because the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, 2013 WL 5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 174 (1989)).

[3] As noted above, shortly after moving for reconsideration, Felgemacher filed a notice appealing this Court's decision of August 6, 2025. *See* Docket Item 16. "Normally the filing of a notice of appeal would divest this Court of jurisdiction." *Shomo v. Eckert*, 755 F. Supp. 3d 344, 347 (W.D.N.Y. 2024) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). "However, if a party files a timely motion to alter or amend the judgment . . . and files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become effective until the order disposing of that motion is entered." *Biehner v. City of New York*, 2021 WL 5827536, at *2 (S.D.N.Y. Dec. 7, 2021) (citing Fed. R. App. P. 4(a)(4)); *see also Shomo*, 755 F. Supp. 3d at 347 ("[A] timely motion under Rule 59(e) or Rule 60(b) typically means that any subsequent notice of appeal does not become effective until the order disposing of the motion under Rule 59(e) or Rule 60(b) is entered."). Because Felgemacher's reconsideration motion was filed less than two weeks after this Court entered its decision and order—well within the time permitted by Rules 59(e) and 60(b)—this Court retains jurisdiction to address that motion despite his subsequent notice of appeal.

about which he complained included non-judicial acts.  See Docket Item 12 at ¶¶ 28-35, 45-53.  More specifically, Felgemacher argues that because some of the allegations in his complaint—namely, that he was excluded from virtual court proceedings and provided with incomplete transcripts—concerned "administrative acts," judicial immunity does not apply.  See id.

Felgemacher is certainly correct that judicial immunity does not extend to non-judicial acts.  See Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) ("Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.'" (quoting Mireles v. Waco, 502 U.S. 9, 11 (1991))).  And as the Supreme Court has held in Forrester v. White, "[a]dministrative decisions, even though they may be essential to the very functioning of the courts, have not . . . been regarded as judicial acts."  484 U.S. 219, 228 (1988).  Thus, as the Supreme Court concluded in Forrester, a judge was not entitled to judicial immunity in connection with terminating the employment of a probation office employee because the judge's actions were taken as an administrator, not as a judge.  See id. at 229.

But the actions that Felgemacher says violated his constitutional rights were not administrative acts.  "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature."  Bliven, 579 F.3d at 210.  So while firing an employee is an act by a judge in an administrative, non-judicial capacity, controlling a case by conducting court proceedings when certain parties are present or absent is "a function typically performed by a judge in [the judge's] judicial capacity and in relation to an individual case."  See Shtrauch v. Dowd, 651 F. App'x 72, 74 (2d Cir. 2016) (summary order); cf. People v. Knowles, 88 N.Y.2d 763, 766, 673 N.E.2d 902, 904 (1996) ("Trial

4

courts possess inherent authority to impose reasonable rules to control the conduct of the trial." (citation and internal quotation marks omitted)).  And although many of the proceedings to which Felgemacher refers were virtual, *see, e.g.*, Docket Item 12 at ¶ 30, he provides no reason—and the Court cannot think of one—as to why that should change the analysis.

Felgemacher also says that providing him with allegedly incomplete court transcripts was an administrative act.  *See id.* at ¶¶ 30-31.  But the actions of a judge (or a referee like Castiglione)[4] taken with respect to providing court transcripts relate to a case over which that judge (or referee) presided.  In fact, a court in this Circuit has extended judicial immunity to a judge who allegedly altered transcripts to erase derogatory comments about a litigant.  *See Buhannic v. Friedman*, 2019 WL 481732, at *2, 4-5 (S.D.N.Y. Feb. 7, 2019).

In sum, the relevant acts taken by Erie County Family Court Judge Carney and Erie County Family Court Referee Castiglione related to matters over which they presided and therefore were judicial—not administrative—acts.  This Court therefore sees no reason to revisit its decision dismissing Felgemacher's damages claims against those two defendants on the basis of judicial immunity.

---

[4] Felgemacher now seems to suggest that this was done by a court reporter; indeed, he argues that judicial immunity does not apply because "transcript preparation is generally an administrative [act] . . . performed by court reporters or staff."  Docket Item 12 at ¶ 48.  But Felgemacher has not named any "court reporters or staff" as defendants, and so this Court need not, and does not, address that claim.

   B.   *Ex Parte Young*

Felgemacher also says that this Court's prior decision erred by failing "to fully consider the well-established *Ex parte Young* exception" when it dismissed his claims for injunctive relief against all three defendants.  See Docket Item 12 at ¶¶ 19-27, 54-64.  But as the Court told Felgemacher when dismissing his claims against the New York Unified Court System, *Ex parte Young* provides only that state and local officials may be sued in their official capacities under section 1983 for injunctive or declaratory relief.  *Felgemacher*, 2025 WL 2261251, at *5 (citing *Ex parte Young*).  *Ex parte Young* therefore does not save his claims against the New York State Unified Court System.  *Id.* at *4-5.

As to Felgemacher's claims against Carney and Castiglione for injunctive relief, "the *Ex parte Young* exception 'does not normally permit federal courts to issue injunctions against state-court judges or clerks[]' because 'usually, those individuals do not enforce state laws as executive officials might; instead, they work to resolve disputes between parties.'"  *Kellogg v. Nichols*, 703 F. Supp. 3d 367, 374 n.6 (N.D.N.Y. 2023) (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (alterations omitted)).  What is more, "the *Ex [p]arte Young* exception does not apply to claims against state officials who lack authority to implement the requested prospective injunctive relief."  *Campbell v. City of Waterbury*, 585 F. Supp. 3d 194, 203 (D. Conn. 2022).  This Court does not see how Carney or Castiglione could provide Felgemacher with the injunctive relief he requests: "adequate administrative procedures and safeguards to ensure meaningful access to judicial proceedings, particularly for parties participating remotely."  Docket Item 1 at 11.  Indeed, the complaint says that Felgemacher discontinued his family court case, Docket Item 1 at ¶ 23, so he cannot be

requesting an injunction that would require Carney or Castiglione to do anything within their power.

Felgemacher's *Ex parte Young* argument thus provides no reason for the Court to revisit its dismissal of his claims against Carney and Castiglione for injunctive relief. And that conclusion is further bolstered by the fact that Felgemacher's motion does not challenge the Court's prior conclusion that those claims also were barred for lack of standing.[5]

## **CONCLUSION**

For the reasons stated above, Felgemacher's motion for reconsideration, Docket Item 12, is DENIED.

SO ORDERED.

Dated: February 10, 2026
Buffalo, New York

                                             */s/ Lawrence J. Vilardo*
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE

---

[5] Felgemacher also argues that this Court incorrectly dismissed his complaint for lack of personal jurisdiction without giving him an opportunity to perfect service. *See* Docket Item 12 at ¶¶ 13-18. But this Court explicitly noted that it dismissed those claims without permitting Felgemacher to correct his inadequate service only because perfecting service would be futile in light of the other problems with his claims. *See Felgemacher*, 2025 WL 2261251, at *4 (dismissing Felgemacher's claims for lack of personal jurisdiction without permitting Felgemacher to correct his inadequate service because "it is 'beyond doubt that [Felgemacher] can prove no set of facts in support of [his] claim which would entitle [him] to relief'" (quoting *Black v. Vitello*, 841 F. App'x 334, 336 (2d Cir. 2021) (summary order))).